United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINE CUMMING, on behalf of herself and all individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIG PICTURE LOANS, LLC, et al.,<br><br>Defendants. | Case No. 5:18-cv-03476-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND THE BRIEFING SCHEDULE TO ALLOW FOR JURISDICTIONAL DISCOVERY**<br><br>Re: Dkt. Nos. 38, 41 |

Presently before the Court in this putative class action is Plaintiffs' motion to extend the briefing schedule and allow for jurisdictional discovery. The Court previously shortened the briefing schedule and then took this matter under submission. Dkt. No. 44. Having reviewed the parties' briefings, and for the foregoing reasons, the court GRANTS Plaintiffs' motion according to the order below.

I. **BACKGROUND**

Plaintiff filed this class action Complaint on June 11, 2018. Dkt. No. 1. A First Amended Complaint was filed on June 26, 2018 ("FAC"). Dkt. No. 6. In the FAC, Plaintiff seeks a judgment: (1) declaring that the choice-of-law and forum selection provisions in Defendants' loan agreement are unenforceable as a matter of public policy, (2) injunctive relief preventing Defendants from lending any more loans, and (3) damages for Defendants' RICO violations. Dkt. No. 6 ¶¶ 3-6. Defendants subsequently filed multiple motions to dismiss. Dkt. Nos. 29, 30, 31, 33, 35.

In lieu of responding to Defendants' motions, Plaintiff moved to extend the time to file a

Case No.: 5:18-cv-03476-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND THE BRIEFING SCHEDULE TO ALLOW FOR JURISDICTIONAL DISCOVERY
1

1 response to allow for jurisdictional discovery on September 17, 2018. Dkt. No. 38. On September 21, 2018, Defendants Big Picture Loans, LLC and Ascension Technologies, LLC moved for a protective order. Dkt. No. 41. Defendant Martorello joined Defendants in the protective order motion subsequently thereafter. Dkt. No. 45.

## II. LEGAL STANDARD

District courts have discretion to permit jurisdictional discovery. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). "[I]t is clear that a court may allow discovery to aid in determining whether it has in personam or subject matter jurisdiction." *Laub v. United States Dept. of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *see also United States ex rel. Cain v. Salish Kootenai College, Inc.*, 862 F.3d 939 (9th Cir. 2017) (the district court shall allow 'appropriate discovery' if jurisdictional questions exist). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020.

On the other hand, the court may deny jurisdictional discovery if "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). Denial may also occur when the discovery request is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto*, at 1020 (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)).

## III. DISCUSSION

Here, the foundational argument underpinning Defendants' motions to dismiss is this: as alleged arms of the Native American Tribe Lac Vieux Desert Band of Lake Superior Chippewa Indians ("LVD"), Defendants contend they are entitled to tribal immunity, which defeats federal subject matter jurisdiction. For their part, Plaintiffs claim the LVD merely serves as a front for Defendants who lend illegal high interest loans to vulnerable consumers and evade state usury and licensing laws. Dkt. 38 at 6. Plaintiffs call this a "rent-a-tribe" operation. Dkt. 38 at 6. In order

Case No.: 5:18-cv-03476-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND THE BRIEFING SCHEDULE TO ALLOW FOR JURISDICTIONAL DISCOVERY
2

to respond to Defendants' motion to dismiss meaningfully, Plaintiffs argue they need jurisdictional discovery to investigate the connection between Defendants and LVD.

More specifically, Plaintiffs argue they need jurisdictional discovery to specifically respond to the test adopted by the Ninth Circuit to assess whether an entity is an arm of a tribe. This test, comprised of the *Breakthrough* factors, requires examination of: "(1) the method of creation of the economic entities; (2) their purpose; (3) their structure, ownership, and management, including the amount of control the tribe has over the entities; (4) the tribe's intent with respect to the sharing of its immunity; and (5) the financial relationship between the tribe and the entities." *White v. Univ. of California*, 765 F.3d 1010, 1025 (9th Cir. 2014) (quoting *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1181 (10th Cir. 2010)).

In addition, Plaintiffs point out that Defendants are currently involved in similar litigation in the Eastern District of Virginia. Plaintiffs argue the Virginia court's "factual findings" and "available evidence" go directly to Plaintiffs' claim that Defendants are not an arm of LVD. *Williams v. Big Picture Loans*, LLC, No. 3:17-cv-00461, 2018 WL 3615988 (E.D. Va. July 27, 2018). Plaintiffs believe that production of the currently-sealed jurisdictional information from the Virginia case could be equally applied to the jurisdictional issue raised in this case. Further, Plaintiffs argue the burden on Defendants is minimal because they already provided at least this information to the plaintiffs in the Virginia case.

Considering: (1) there is a critical factual controversy affecting the court's subject matter jurisdiction, (2) the Breakthrough factors require a particular factual showing beyond the typical jurisdictional issue, (3) the information relevant to the Breakthrough factors appears uniquely within Defendants' control and not easily available from public sources, and (4) Defendants have already been ordered to produce comparable information under similar circumstances, the court finds that Plaintiffs have satisfied their burden to demonstrate a need for jurisdictional discovery. Accordingly, the court will grant Plaintiffs' motion, but will refer the details of the discovery

Case No.: 5:18-cv-03476-EJD
ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND THE BRIEFING SCHEDULE TO ALLOW FOR JURISDICTIONAL DISCOVERY
3

process to assigned magistrate judge.

## IV. ORDER

Based on the foregoing, Plaintiffs' Motion to Extend the Briefing Schedule to allow for Jurisdictional Discovery is GRANTED as follows:

1. Plaintiffs' request to conduct jurisdictional discovery is GRANTED. The court REFERS to Magistrate Judge Nathanael Cousins the details of such discovery, including, but not limited to, the appropriateness or relevance of any proposed discovery method, the timing of discovery, any disputes concerning jurisdictional discovery, and whether any discovery produced in connection with *Williams* should also be produced in this action. Magistrate Judge Cousins may manage this referral in any manner he deems appropriate.

2. Plaintiffs' motion to extend the briefing schedule is also GRANTED. Plaintiffs' obligation to respond to the pending motions to dismiss (Dkt. Nos. 29, 30, 31, 33, 35) is STAYED pending further order of the court. The hearings on these motions is VACATED and will be reset upon notification from Judge Cousins that jurisdictional discovery has been completed.

3. The hearing on Defendants' motion for protective order (Dkt. No. 41) and the Case Management Conference (Dkt. No. 11) remain scheduled for hearing at this time, unless the court notifies the parties otherwise.

**IT IS SO ORDERED.**

Dated: November 15, 2018

_____
EDWARD J. DAVILA
United States District Judge