UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE CUMMING, et al.,

    Plaintiffs,

v.

BIG PICTURE LOANS, LLC, et al.,

    Defendants.

Case No.18-cv-03476-EJD (NC)

**ORDER RE: JURISDICTIONAL DISCOVERY**

Re: Dkt. No. 61

On November 11, 2018, Judge Edward J. Davila granted Plaintiffs' request for jurisdictional discovery and referred the details of that discovery to the undersigned. *See* Dkt. No. 53. The Court conducted a hearing regarding the parties' discovery dispute on March 13, 2019.

The present dispute concerns the scope of jurisdictional discovery directed at defendants Big Picture Loans, LLC and Ascension Technologies, Inc.'s assertion of tribal immunity. Here, the parameters of jurisdictional discovery is set by the five-factor test for assessing whether an entity is an arm of a tribe: "(1) the method of creation of the economic entities; (2) their purpose; (3) their structure, ownership, and management, including the amount of control the tribe has over the entities; (4) the tribe's intent with respect to the sharing of its immunity; and (5) the financial relationship between the tribe and the entities." *White v. Univ. of California*, 765 F.3d 1010, 1025 (9th Cir. 2014)

(quoting *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1181 (10th Cir. 2010)).

Plaintiffs seek production of all documents and deposition transcripts produced in *Williams v. Big Picture Loans, LLC*, No. 17-cv-0461 (E.D. Va.), a case with nearly identical facts. *See* Dkt. No. 61 at 5. Big Picture and Ascension argue that wholesale production of the documents produced in *Williams* is overbroad and unnecessary. *See id.* at 7–8.[1]

The Court agrees with Big Picture and Ascension. In *Williams*, the plaintiffs sued five defendants not named in this suit. *See Williams v. Big Picture Loans, LLC*, 329 F. Supp. 3d 248, 266 (E.D. Va. 2018). Although those five defendants were ultimately dismissed, jurisdictional discovery in *Williams* occurred before their dismissal. *Id.* As a result, there is a possibility that the *Williams* discovery contains material not relevant to this case. Likewise, the *Williams* district court did not rely on every document or deposition transcript produced in that case. Thus, Plaintiffs' request for automatic reproduction of *Williams* discovery is overly broad and therefore DENIED.

Accordingly, the Court rules as follows:

- Plaintiffs' request for automatic reproduction of *Williams* discovery is DENIED;
- Parties must meet and confer to draft a proposed protective order, which must be filed within 7 days of this order;
- Martorello must produce all discovery he produced in *Williams* within 30 days of this order;
- Big Picture and Ascension must serve their objections and responses to Plaintiffs' September 12, 2018, requests for production (*see* Dkt. No. 38-4, Ex. C.) within 14 days of this order;

---

[1] Co-defendant Matt Martorello takes no position with respect to Plaintiffs' discovery request to Big Picture and Ascension. *See* Dkt. No. 61 at 9. At the March 13, 2019, hearing, Martorello represented that he will produce his discovery in *Williams*.

2

- Big Picture and Ascension must produce all responsive, non-privileged documents within 30 days of this order;
- Plaintiffs' are limited to 3 depositions, including depositions of Michelle Hazen and James Williams, Jr., without further leave of the Court;
- Plaintiffs may move for further jurisdictional discovery in line with the *White* five-factor test;
- By stipulation (*see* Dkt. No. 61 at 3 n.4), Big Picture and Ascension must produce unredacted briefs, exhibits, and documents cited in *Williams v. Big Picture Loans, LLC*, 329 F. Supp. 3d 248, 266 (E.D. Va. 2018);
- All jurisdictional discovery must be completed by **June 7, 2019**; and
- Parties must file a joint discovery status report by **June 12, 2019**, with a telephonic discovery status conference set for **June 19, 2019, at 10:00 a.m.**

Counsel must meet and confer in an effort to resolve any discovery dispute. The parties must comply with the undersigned's standing order in presenting discovery disputes by joint letter brief.

**IT IS SO ORDERED.**

Dated: March 13, 2019  _____
NATHANAEL M. COUSINS
United States Magistrate Judge