UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CUMMING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BIG PICTURE LOANS, LLC, et al.,<br><br>Defendants. | Case No.18-cv-03476-EJD (NC)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DISCOVERY REGARDING PERSONAL JURISDICTION**<br><br>Re: Dkt. No. 80 |

Before the Court is the parties' joint discovery letter brief regarding Plaintiffs' requests for production and interrogatories directed at Defendants' contacts with California. *See* Dkt. No. 80.

Defendants argue that Plaintiffs' discovery requests are prohibited by the undersigned's March 13, 2019, order regarding jurisdictional discovery. In that order, the undersigned ruled that "Plaintiffs may move for further jurisdictional discovery in line with the [*White v. University of California*, 765 F.3d 1010 (9th Cir. 2014)] five-factor test" for tribal sovereign immunity. Dkt. No. 64 at 3. This, Defendants reason, limits the scope of discovery to issues relating to Defendants' assertion of tribal sovereign immunity.

The Court disagrees. In Judge Davila's November 15, 2018, order granting Plaintiffs' motion to extend the briefing schedule, he granted Plaintiffs' request for jurisdictional discovery and referred to the undersigned "the details of such discovery,

including, but not limited to . . . *any disputes concerning jurisdictional discovery* . . . ." Dkt. No. 53 at 4 (emphasis added).  And in Judge Davila's December 18, 2018, order denying Defendants' motion for protective order, he denied Defendants' request to prohibit "all discovery that is unrelated to the jurisdictional question." Dkt. No. 55.  In short, Judge Davila did not limit discovery at this stage to Defendants' assertion of tribal immunity. The undersigned's March 13, 2019, order did not hold otherwise.

Defendants' further argument that discovery relating to personal jurisdiction is premature is not persuasive.  There is no requirement that questions relating to personal jurisdiction be deferred until the district court has ruled on questions relating to subject matter jurisdiction.  Indeed, the United States Supreme Court has expressly held otherwise. *See Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) ("Where . . . a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction.").  Moreover, there is no indication that Judge Davila intends to defer ruling on the pending motions to dismiss for lack of personal jurisdiction until the tribal sovereign immunity question is resolved.  *See* Dkt. No. 53 at 4 (staying all pending motions to dismiss until "jurisdictional discovery has been completed.").

Accordingly, the Court GRANTS Plaintiffs' motion for discovery regarding personal jurisdiction.  Defendants must serve their objections and responses to Plaintiffs' requests for production and interrogatories within 14 days of this order.  Defendants must also produce all responsive, non-privileged documents within 30 days of this order.  As set in the undersigned's March 13, 2019, order, all jurisdictional discovery must be completed by June 7, 2019.  No fees or costs are awarded in connection with this order.

**IT IS SO ORDERED.**

Dated: April 10, 2019     _____
NATHANAEL M. COUSINS
United States Magistrate Judge