United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CUMMING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BIG PICTURE LOANS, LLC, et al.,<br><br>Defendants. | Case No. 18-cv-03476-EJD (NC)<br><br>**ORDER RE DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 114 |

On June 12, 2019, the Court held a hearing on the parties' discovery dispute. *See* Dkt. Nos. 107, 112. The Court denied Plaintiffs' request to extend the discovery deadline and the deadline for their deposition of Chairman James William Jr. *See* Dkt. No. 112. The Court also ordered the parties to file a joint statement as to whether there is any remaining dispute as to documents produced by defendants regarding Rosette LLP. *Id.* The parties submitted their joint status update on June 13, 2019. *See* Dkt. No. 114.

The joint update presents two issues: (1) Plaintiffs' request to produce Rosette-related documents not previously produced in *Williams, et al. v. Big Picture Loans, LLC*, Case No. 3:17-cv-0461 (E.D. Va.) and (2) financial documents held by the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe"). *See id.* at 2–4.

As to the first issue, the parties have still not identified with any specificity what Rosette-related documents have not yet been produced. Plaintiffs parrot their prior

submissions with no additional detail and Defendants continue their fixation on documents produced in *Williams*. *Williams*-related production is no longer at issue. Defendants are required to produce:

- Documents relating to the agreement by Big Picture's predecessor, Red Rock, to pay a 50% "broker fee" to Tribal Loan Management, LLC, which is owned by Robert Rosette, the managing partner of Corporate Defendant's counsel's law firm; and
- Documents relating to the development and drafting of LVD's consumer financial services regulations by the Rosette law firm.

This production is required regardless whether those documents were produced in *Williams* if not protected by privilege. The fact that Rosette never served Defendants with non-*Williams* documents in those two categories is irrelevant. Rosette is among Defendants' counsel; Defendants have control over those documents. Accordingly, the Court ORDERS Defendants to produce all non-privilege documents responsive to those two categories by **June 17, 2019**.

As to the second issue, the Court DENIES Plaintiffs' request. In the Court's May 17, 2019, order, the Court ordered production of "non-privileged tribal documents that are responsive to Plaintiffs' RFPs and that relate to the statements made in the declarations submitted by LVD tribal council Chairman Williams . . . ." *See* Dkt. No. 102. Defendants represent that they do not possess any such tribal documents and Plaintiffs do not meaningfully rebut Defendants' assertion. *See* Dkt. No. 107 at 5.

The Court will not order Chairman Williams and the Tribe to turn over those documents. Neither Chairman Williams nor the Tribe are parties to this case. And Plaintiffs have not served third-party subpoenas on either Chairman Williams or the Tribe. Moreover, even though Defendants' assertions of tribal sovereign immunity are open questions before the trial judge in this case, the Tribe and its officers (*i.e.*, Chairman Williams) certainly have a colorable claim of tribal sovereign immunity that may defeat such subpoenas.

The Court will not extend discovery- or deposition-related deadlines despite ordering additional production by Defendants for two reasons.  First, Plaintiffs have not been diligent in seeking relief.  The Court issued its first order regarding jurisdictional discovery on March 13, 2019, setting a June 7, 2019 discovery deadline.  *See* Dkt. No. 64.  In that order, the Court granted Plaintiffs leave to move for further, non-*Williams* jurisdictional discovery.  *See id.* at 3.  Yet Plaintiffs did not raise *any* issue regarding discovery related to tribal sovereign immunity until May 6, 2019—one month before the discovery deadline.  *See* Dkt. No. 87.  Second, the parties have already engaged in substantial discovery.  Defendants have already produced, at a minimum, relevant documents from *Williams*.  Such production is sufficient for Plaintiffs to proceed with their currently noticed deposition of Chairman Williams.[1]

No fees or costs are awarded in connection with this order.

**IT IS SO ORDERED.**

Dated: June 13, 2019 _____
NATHANAEL M. COUSINS
United States Magistrate Judge

---

[1] The Court also notes that Chairman Williams's deposition was not even scheduled until the end of May.  *See* Dkt. Nos. 104, 105, 106.

3